UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR M. GONZALEZ, | Civil No. 10cv02243 JLS(RBB) |
| Petitioner, | **ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 21]** |
| v. | |
| TIMOTHY E. BUSBY, Warden, | |
| Respondent. | |

Petitioner Salvador M. Gonzalez, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1].[1] In general, Gonzalez contests his conviction for first degree murder on several bases including, among other things, the sufficiency of the evidence, the adequacy of the jury instructions, cumulative error, ineffective assistance of appellate counsel, the denial of his motions for substitution of trial counsel and for a continuance to retain counsel, as well as the denials of his state habeas petitions by the superior and appellate courts. (See Pet. 5, 11, 15, 18, 20, 25, 39, 59, 68, 73,

---

[1] Because the Petition includes a Memorandum of Points and Authorities that is not consecutively paginated, the Court will cite to the Petition using the page numbers assigned by the electronic case filing system.

1                                           10cv02243 JLS(RBB)

1  ECF No. 1.)  Respondent Timothy E. Busy, warden, filed an Answer
2  [ECF No. 12] and Gonzalez filed a Traverse [ECF No. 19].  This
3  Court issued a Report and Recommendation Re: Denial of Petition for
4  Writ of Habeas Corpus and Order Denying Request for Evidentiary
5  Hearing [ECF No. 22], which is currently pending before the
6  district court.

7       Petitioner's "Request for a Legal Assistance to [A]ppoint an
8  Attorney" was filed nunc pro tunc to January 30, 2012 [ECF No.
9  21].[2]  The Court construes this as a Motion for Appointment of
10 Counsel.  The arguments in Gonzalez's Motion, in general, are
11 focused largely on the claims in his underlying Petition.  (See
12 Req. Legal Assistance Appoint Att'y 4-8, ECF No. 21.)  In support
13 of his request for counsel, Petitioner asserts that he does not
14 understand the law.  (See id. at 3.)  Also, he cannot afford an
15 attorney because his family members do not have jobs and do not
16 have money to pay for a lawyer for him.  (See id.)  Gonzalez's
17 remaining arguments concern the merits of his Petition.  (See
18 generally id. at 4-8.)

19      The Sixth Amendment right to counsel does not extend to
20 federal habeas corpus actions by state prisoners.  McCleskey v.
21 Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191,
22 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th
23 Cir. 1986).  Nonetheless, financially eligible habeas petitioners
24 seeking relief pursuant to 28 U.S.C. § 2254 may obtain representa-
25 tion whenever "the court determines that the interests of justice
26 so require . . . ."  18 U.S.C.A. § 3006A(a)(2)(B) (West Supp.

---

28    [2]   The Court will also cite to this document using the page numbers assigned by the electronic filing system.

1  2010); see Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir.
2  1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984);
3  Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).  The
4  interests of justice require appointment of counsel when the court
5  conducts an evidentiary hearing on the petition.  Terrovona, 912
6  F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah v. Norris, 18
7  F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254
8  (West 2010).  Otherwise, the appointment of counsel is
9  discretionary.  See Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d
10 at 728; Abdullah, 18 F.3d at 573.
11      "Indigent state prisoners applying for habeas relief are not
12 entitled to appointed counsel unless the circumstances of a
13 particular case indicate that appointed counsel is necessary to
14 prevent due process violations."  Chaney, 801 F.2d at 1196; see
15 Knaubert, 791 F.2d at 728-29.  A due process violation may occur in
16 the absence of counsel if the issues involved are too complex for
17 the petitioner.  In addition, the appointment of counsel may be
18 necessary if the petitioner has such limited education that he or
19 she is incapable of presenting his or her claims.  Hawkins v.
20 Bennett, 423 F.2d 948, 950 (8th Cir. 1970).  "To determine whether
21 appointment of counsel is required for habeas petitioners with
22 nonfrivolous claims, a district court should consider the legal
23 complexity of the case, the factual complexity of the case, the
24 petitioner's ability to investigate and present his claim, and any
25 other relevant factors."  Abdullah, 18 F.3d at 573 (citing Battle
26 v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v.
27 Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986)).
28

1  Because these factors are useful in determining whether due
2 process requires court-appointed counsel, they are considered to
3 the extent possible based on the record before the Court.  Gonzalez
4 argues, "I . . . [do] not understand most [laws] . . . I[]
5 understand little . . . [it] is for this reason I ask help from
6 [the Court] if [it] is possible."  (Req. Legal Assistance Appoint
7 Att'y 3, ECF No. 21.)  Further, the Petitioner submits that he
8 cannot afford a lawyer because his family members do not have money
9 or jobs and are losing their homes.  (Id.)
10  Despite Petitioner's claimed lack of understanding of the law,
11 he has sufficiently represented himself to date.  He has prepared
12 and filed the following documents in this action:  a 232-page
13 Petition with exhibits [ECF No. 1], a request to proceed in forma
14 pauperis [ECF No. 2], a thirty-five-page Traverse [ECF No. 19],
15 this Motion for Appointment of Counsel [ECF No. 21], a request for
16 an extension of time to object to the Report and Recommendation
17 [ECF No. 23], a request to file excess pages with the 100-page
18 proposed objections [ECF No. 25], and a twenty-six-page Motion for
19 a Certificate of Appealability [ECF No. 26].  There is no
20 indication that anyone other than Gonzalez drafted these documents.
21  From the face of the Petition, filed pro se, it appears that
22 Gonzalez has a good understanding of this case and the legal issues
23 involved.  The substantive arguments in the Petition span sixty-
24 eight pages and raise ten distinct grounds for relief.  (See
25 generally Pet. 5-73, ECF No. 1.)  The arguments are well organized
26 and contain a recitation of relevant facts with citations to the
27 applicable portions of the reporter's transcripts and state court
28 opinions; the claims also include extensive legal arguments with

citations to caselaw and other supporting authority.  (See generally id.)  The detail and clarity of Gonzalez's Petition is more than sufficient to competently present his claims.  Petitioner has not pointed to any particular circumstances that would make the appointment of counsel necessary at this time.  See Bashor, 730 F.2d at 1234 (denying request for appointed counsel where petitioner thoroughly presented the issues in his petition and memorandum of law).  Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for attorney representation.  See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

Furthermore, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."  Hoggard, 29 F.3d at 471; see McCann v. Armontrout, 973 F.2d 655, 661 (8th Cir. 1992); Travis v. Lockhart, 787 F.2d 409, 411 (9th Cir. 1986) (per curiam) (finding the district court did not abuse its discretion in denying the petitioner's motion for appointment of counsel where the allegations were properly resolved on the state court record).  Here, as discussed, Gonzalez challenges his conviction on numerous grounds.  (See Pet. 5, 11, 15, 18, 20, 25, 39, 59, 68, 73, ECF No. 1.)  The Court was provided all relevant documents and transcripts and was able to analyze the issues involved on the basis of the state court record [ECF No. 22].  The district court will likewise be able to properly resolve the allegations in the Petition on the basis of the record.  See Travis, 787 F.2d at 411.

Moreover, "[t]he procedures employed by the federal courts are highly protective of a pro se petitioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." Knaubert, 791 F.2d at 729 (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam)); see Bashor, 730 F.2d at 1234. Gonzalez's Petition was pleaded sufficiently for this Court to direct Respondent to file an answer or other responsive pleading to the Petition [ECF No. 5].

Indeed, the assistance that counsel provides is valuable. "An attorney may narrow the issues and elicit relevant information from his or her client. An attorney may highlight the record and present to the court a reasoned analysis of the controlling law." Knaubert, 791 F.2d at 729. But as the court in Knaubert noted, "[U]nless an evidentiary hearing is held, an attorney's skill in developing and presenting new evidence is largely superfluous; the district court is entitled to rely on the state court record alone." Id. (citing Sumner v. Mata, 449 U.S. 539, 545-57 (1981); 28 U.S.C.A. § 2254(d)). "Therefore, the additional assistance provided by attorneys, while significant, is not compelling." Id.

If an evidentiary hearing is ordered, Rule 8(c) of the Rules Governing Section 2254 Cases requires that counsel be appointed to a petitioner who qualifies under 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c), 28 U.S.C. foll. § 2254; see Wood v. Wainwright, 597 F.2d 1054 (5th Cir. 1979). Additionally, the Court may appoint counsel for the effective utilization of any discovery process. Rule 6(a), 28 U.S.C. foll. § 2254. "A habeas petitioner's interest in release from illegal confinement undoubtedly is high. However,

consideration of remaining factors leads to the conclusion that due process does not require appointment of counsel when an evidentiary hearing is not held." Knaubert, 791 F.2d at 729.  This Court has recommended that Petitioner's request for an evidentiary hearing be denied [ECF No. 22], and at this time, it does not appear that discovery will be necessary.

For the reasons stated above, the interests of justice do not warrant court-appointed counsel at this time.  Petitioner's Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED.**

DATED: June 14, 2012

_____
Ruben B. Brooks
United States Magistrate Judge

cc: Judge Sammartino
    All parties